JPL/MJH:tjc                                                                                                  759-81-8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHONAUGH MALCOLM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| NAMDAR REALTY GROUP LLC, MASON ) | |
| ASSET MANAGEMENT INC., AND ) | |
| PLACEWISE LLC, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendants, **NAMDAR REALTY GROUP, LLC ("Namdar") and MASON ASSET MANAGEMENT, INC. ("Mason")**, by their attorneys, CREMER LAW, LLC, hereby remove this action filed in the Circuit Court of Cook County, Illinois, styled SHONAUGH MALCOLM V. NAMDAR REALTY GROUP, LLC, MASON ASSET MANAGEMENT, INC., AND PLACWWISE, LLC, (the "State Action"), to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

## THE STATE ACTION

1. Namdar and Mason are named defendants in a complaint filed in the Circuit Court of Cook County, Law Division, titled *Shonaugh Malcolm v. Namdar Realty Group, LLC, et. al.*, under case number 2022 L 7971, a copy of which is attached as *Exhibit A*.

2. The plaintiff alleges that on September 4, 2020 she was injured when she slipped and fell inside a mall known as River Oaks Mall located at 96 River Oaks Center Drive in Calumet City, Illinois.

3. The complaint contains one claim of negligence against Namdar, Mason, and Placewise, LLC alleging that it was negligent in failing to properly exercise reasonable care so as not to cause injury to its customers.

4. This Notice of Removal is brought under 28 U.S.C. §§ 1441(a) and 1332(a). Defendants seek to remove the State Action to this Court, with all defendants who have been properly joined and served consenting.

5. The State Action is properly removed because this Court has jurisdiction over this matter based on diversity of citizenship, because venue is proper in this district, and because Defendants have satisfied the procedural requirements for timely removal.

## JURISDICTION AND VENUE

6. 28 U.S.C. § 1441(a) provides that:

> …any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. Venue is proper in this Court under 28 U.S.C. §1391 because the event giving rise to the claim occurred in this district. The occurrence took place in Cook County, Illinois. Additionally, the complaint was filed in the Circuit Court of Cook County, which is located within the Northern District of Illinois. Therefore, this is the "district and division embracing the place where such action is pending."

8. 28 U.S.C. §1332(a)(1) provides district courts with original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.

9. The State Action involves a dispute between citizens of different states. Namdar is a corporation organized under the laws of New York with its principal place of business located

in Great Neck, New York. *See Exhibit B*. Mason is a corporation organized under the laws of New York with its principal place of business located in Great Neck, New York. *See Exhibit C*.

10. Placewise, LLC is another named defendant. No appearance has been filed for Placewise. Based on a search with the secretary of State of Illinois, there is no business known as Placewise, LLC doing business in Illinois. There is no indication that any such entity has been served with the complaint in this matter.

11. The plaintiff is a resident of Illinois. *See Exhibit D*. Accordingly, there is complete diversity of citizenship between the parties.

12. The amount in controversy exceeds $75,000, inclusive of interest and costs. Namdar served requests to admit upon the plaintiff requesting she admit that she is a resident of Illinois and that she is, or is not, seeking damages in excess of $75,000. Answers were served on the defendant on January 26, 2023. *Exhibit D*.

13. 28 U.S.C. §§ 1446(b)(3) and 1446(c)(3)(A) provide, in relevant part, that:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> [. . .]
>
> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

### **DEFENDANT TIMELY REMOVED THE STATE ACTION**

14. 28 U.S.C. §1446(b) requires a party to file its notice of removal within 30 days after receipt of the initial pleading. However, the section also provides that:

3

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §1446(b)(3).

15. The complaint states that the plaintiff is seeking damages in excess of $50,000. Therefore, at the time defendants were served with the complaint, the State Action was not removable because defendants could not prove the amount in controversy exceeded $75,000.

16. Defendants did not know the amount in controversy exceeded $75,000, and that this Court therefore had diversity jurisdiction over this matter, until January 26, 2023, which was the date the plaintiff clearly communicated that she was seeking damages on excess of $75,000 in this action.

17. Defendants filed this Notice of Removal within thirty days upon learning that the State Action is one which is or has become removable as specified in 28 U.S.C. §1446(b).

18. Also attached hereto as *Exhibit E* is Defendants' Answer to Plaintiff's Complaint at Law.

WHEREFORE, Defendants, NAMDAR REALTY GROUP, LLC and MASON ASSET MANAGEMENT, INC., respectfully removes *SHONAUGH MALCOLM V. NAMDAR REALTY GROUP, LLC, et. al.* to the United States District Court for the Northern District of Illinois.

    CREMER LAW, LLC

    By: */s/John P. Lynch, Jr.*
    Attorneys for Defendant,
    **FORMAN MILLS, INC.**

John P. Lynch, Jr. (ARDC#6198763)
Matthew J. Heiting (ARDC#6313017)
CREMER LAW, LLC
One North Franklin – Suite 900
Chicago, IL 60606
(312) 726-3800

4861-8186-7857, v. 1